UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| WESTERN SURETY COMPANY, | CASE NO.: 2:11-cv-02765-PMD |
| Plaintiff, | |
| v. ) | |
| ) | |
| ASCENT CONSTRUCTION ) | **COMPLAINT** |
| COMPANY, INC., CARMAN K. ) | |
| DAVID, AND LEIGH M. DAVID, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

NOW COMES Plaintiff, Western Surety Company ("Western Surety"), by and through counsel, complaining of the Defendants, and alleges and states as follows:

1. Western Surety is a corporation incorporated under the laws of the State of South Dakota, having its principal place of business in the State of South Dakota and licensed to conduct business in this State.

2. Ascent Construction Company, Inc. ("Ascent") is a corporation incorporated under the laws of the State of South Carolina, having its principal place of business in Murrells Inlet, South Carolina, and licensed to conduct business in this State.

3. Upon information and belief, the Defendant Carman K. David is a resident of Hartsville, South Carolina.

4. Upon information and belief, the Defendant Leigh M. David is a resident of Hartsville, South Carolina.

TRI1\779485v4

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Western Surety and the Defendants and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

6. This Court is the proper venue for this action based on 28 U.S.C. § 1391 as one or more of the Defendants are residents of South Carolina and a substantial portion of the events giving rise to Western Surety's claims occurred in this judicial district.

7. Western Surety, among other things, is engaged in the business of writing contracts of suretyship and bonds for and on behalf of building and construction contractors, which bonds are conditioned upon said contractors faithfully performing their contracts and paying for all materials, labor and services used in the performance of their contracts.

8. On or about October 26, 2009, each of the Defendants (hereinafter collectively referred to as the "Indemnitors") entered into a written agreement with Western Surety entitled "General Agreement of Indemnity" (the "GAI"), a copy of which is attached hereto as <u>Exhibit A</u>. The terms of the GAI are incorporated herein by reference.

9. Pursuant to the terms of the GAI, the Indemnitors agreed to indemnify and hold Western Surety harmless for any demands, liabilities, losses, costs, penalties, obligations, interest, damages or expenses of whatever kind or nature, including fees of attorneys, and all other expenses of whatever kind or nature which arise by reason of or as a result of Western Surety's execution of bonds on behalf of Ascent.

10. Thereafter, Western Surety, in reliance upon the GAI, provided Performance and Payment bonds No. 929494339 (hereinafter collectively referred to as the "Bonds") on behalf of Ascent in connection with the construction contract with the County of Carteret under which

Ascent was to provide labor and materials for the construction of the Newport Park Recreation Center Building ("Project"). A copy of the Bonds are attached hereto as <u>Exhibit B</u>.

11. Western Surety has received notice of claims from sub-contractors and suppliers that provided labor and/or materials to Ascent on the Project, but whom Ascent has failed to pay. Pursuant to the Payment Bond Western Surety executed on behalf of Ascent for the Project, Western Surety paid such claims.

12. In making payments to Ascent's suppliers and sub-contractors on the Project, Western Surety has incurred losses in connection with the issuance of the above-referenced bonds.

13. Pursuant to the GAI, each of the Indemnitors is jointly and severally liable to Western Surety for the losses Western Surety has incurred in making payments to suppliers and subcontractors on the Project, as well as other costs and expenses incurred by Western Surety in connection with the bonded Project.

14. Pursuant to its rights under the GAI, Western Surety demanded that the Indemnitors indemnify Western Surety for its loss and/or deposit a sum of money sufficient to fully protect Western Surety and hold it harmless from any loss.

<u>COUNT I</u><br><u>SPECIFIC PERFORMANCE</u>

15. Western Surety hereby incorporates by reference Paragraphs 1 through 14 above as if set forth fully herein.

16. The terms of the GAI provide that the Indemnitors agree to indemnify and hold Western Surety harmless from and against any and all demands, liabilities, losses, costs, penalties, obligations, interest, damages or expenses, of whatever kind or nature, including fees

of attorneys and all other expenses of whatever kind or nature which arise by reason or as a result of Western Surety's execution of bonds on behalf of Ascent.

17. Western Surety has complied with all of its duties under the GAI.

18. There are no conditions precedent pertaining to the Indemnitors' obligations to indemnify and/or deposit an amount sufficient to discharge any claim or demand made against Western Surety under the Bonds.

19. Western Surety has been damaged by the payments it has been forced to make to suppliers and sub-contractors that Ascent failed to pay for work performed on the Project and other expenses it has incurred as a result of the issuance of the bonds for the Projects which costs, expenses and damages to date are in the amount of $310,314.55.

20. Despite Western Surety's demands, the Indemnitors have failed to indemnify Western Surety.

21. Western Surety is therefore entitled to an order of specific performance compelling the Indemnitors to indemnify Western Surety in an amount to be determined to be sufficient to discharge any claim or claims made against Western Surety on the Bonds, that amount exceeding the sum of $310,314.55.

## COUNT II
## BREACH OF CONTRACT

22. Plaintiff hereby incorporates by reference Paragraphs 1 through 21 above as if set forth fully herein.

23. Plaintiff has made demand for reimbursement for its losses incurred in connection with the performance and payment bonds described above.

24. The Indemnitors have breached the GAI by failing and refusing to comply with their contractual obligations under the GAI.

25.	Western Surety has been damaged by the payments it has been forced to make to suppliers and subcontractors that Ascent failed to pay for work performed on the Project and other expenses it has incurred as a result of the issuance of the bonds for the Project which costs, expenses and damages to date are in the amount of $310,314.55.

26.	Western Surety is entitled to judgment against the Indemnitors, who are liable to Western Surety for their breach of the GAI, in at least the amount of $310,314.55, plus interest, and any and all other costs, expenses or damages which may be incurred by Western Surety in the future and which may be proved at trial.

WHEREFORE, Plaintiff Western Surety Company respectfully prays the Court as follows:

1.	That the Court enter an Order specifically requiring the Defendants' to indemnify Western Surety, pursuant to the GAI, in an amount to be determined to be sufficient to discharge any claim or claims made against Western Surety on the Bonds, in an amount to be proved at trial.

2.	In the alternative, that Western Surety be awarded its damages against each of the Defendants, jointly and severally, for the full amount of Western Surety's damages for the Defendants' breach of the GAI.

3.	That the costs of this action, including a reasonable attorney's fee, be taxed against the Defendants.

4.	For such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Robert E. Sumner, IV
Robert E. Sumner, IV (#10215)

               Moore & Van Allen PLLC
               40 Calhoun Street, Suite 300
               Charleston, SC 29401
               PH. (843) 579-7018
               FAX (843) 579-8743
               robertsumner@mvalaw.com

CHARLESTON, SOUTH CAROLINA  *ATTORNEY FOR WESTERN SURETY COMPANY*

October 12, 2011